# Gundelsweiler, Appellant, *v.* H. W. Jayne Chemical Co.

*Negligence—Master and servant—Explosion.*

In an action to recover damages for personal injuries it is proper to enter a compulsory nonsuit where the evidence for plaintiff shows that he was a laborer employed in defendant's chemical works to pour napthaline or camphor balls out of barrels into a pan to be melted; that on the day of the accident while pouring out balls which had been bought from another chemical works an explosion occurred by which plaintiff was injured; that napthaline was absolutely nonexplosive; and that there was nothing to show the cause of the explosion.

Argued March 21, 1894.   Appeal, No. 189, Jan. T., 1894, by plaintiff, Richard Gundelsweiler, by his father and next friend, Joseph Gundelsweiler, from judgment of C. P. No. 4, Phila. Co., March T., 1893, No. 741, entering nonsuit.   Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Trespass for personal injuries.   Before ARNOLD, J.

At the trial it appeared that defendant company manufactures and purchases camphor or napthaline balls.   These balls are in commercial use for the purpose of protecting clothing and furs from destruction by moths.   The balls are about a half inch in diameter, and as a merchantable article should be pure white; but they easily become discolored by waiting for a market, and, when in this shop-worn condition, in order to fit them for the market, they are melted down, and either again molded in balls, or the vapor from the liquid is permitted to escape into a chilled chamber called the sublime-house where it falls on the floor in pure white flakes, all the impurities remaining in the pan, and it is then ready for the market in the form of white flakes.   On Aug. 3, 1892, plaintiff and four other men were engaged in pouring camphor balls out of barrels in the customary manner.   They had emptied one barrel, and had about half emptied a second barrel, when, about three minutes after the first barrel had been dumped, there was an explosion, and flames burst out of the aperture into which the contents of the second barrel were being emptied, and the plaintiff was injured by the flame.   The barrels of camphor

balls which were being emptied had been bought from another chemical company, and were in such good condition that defendants at first hesitated about melting them, but subsequently made up their minds to do so. The evidence further showed that napthaline as customarily used is absolutely nonexplosive. There was no proof as to what actually caused the explosion.

The court entered a compulsory nonsuit, and subsequently refused to take it off.

*Error assigned* was refusal to take off nonsuit.

No bill of exceptions was filed. All that appeared on the record was a transcript of the stenographer's notes of evidence which was filed under a standing order of court, and on which the trial judge had written, "approved," followed by his signature. The record showed that all the evidence was received without objection. The record also showed the following: "And now, Dec. 7, 1893, the plaintiff excepts to the refusal of the court to take off the nonsuit entered in the above case. Exception allowed. M. ARNOLD, J."

*Francis G. Gallagher, George W. Shoemaker* with him, for appellant.—It was improper to enter a nonsuit: Sh. & Red. Neg. § 59; Pollock on Torts, 364; Scott v. London etc. Docks Co., 3 H. & C. 596; Byrne v. Boadle, 2 H. & C. 722; Kearney v. London etc. R. R., L. R. 5 Q. B. 411; Mullen v. St. John, 57 N. Y. 567; Clare v. Nat. City Bank, 1 Sweeny (N. Y.) 539; Cummings v. Nat. Furnace Co., 60 Wis. 603; Weidmer v. Elevated R. R., 41 Hun, 284; Lyons v. Rosenthal, 11 Hun, 46; Spear v. R. R., 119 Pa. 61; Gannon v. Wilson, 18 W. N. 7; Wagner v. Jayne Chemical Co., 147 Pa. 475; Scott v. R. R., 13 Leg. Int. 4; Lerch v. Bard, 153 Pa. 573.

There is in the record the stenographer's transcript of his notes of the testimony taken by him in this case. That transcript has been approved by the trial judge, and filed in court in obedience to a rule of the court. Under the act of May 24, 1887, P. L. 199, which provides that the transcript shall be filed and made a part of the records of the case, and "shall be used by the parties to a cause in any further proceedings," a certiorari brings up the evidence on an appeal to the Supreme Court. This is all that is necessary according to the decisions in Ros-

enthal v. Ehrlicher, 154 Pa. 396; Connell v. O'Neil, 154 Pa. 582, and Com. v. Arnold, recently decided. The cases cited by defendant are based on the decision in Miller v. Hershey, 59 Pa. 64, decided in 1868, which was before any of the stenographer acts were passed.

*William C. Hannis*, for appellees, not heard.—A nonsuit was properly entered: Pawling v. Hoskins, 132 Pa. 617; Clough v. Hoffman, 132 Pa. 626; Augerstine v. Jones, 139 Pa. 183; Ford. v. Anderson, 139 Pa. 261; Melchert v. Brewing Co., 140 Pa. 448; Ash v. Verlenden, 154 Pa. 246; Heating Co. v. Rohan, 118 Pa. 223; R. R. v. Hughes, 119 Pa. 301; Easton Borough v. Neff, 102 Pa. 478; Kieffer v. Hummelstown, 151 Pa. 304; Mensch v. R. R., 150 Pa. 598; Mixter v. Coal Co., 152 Pa. 395; McAvoy v. Woolen Co., 140 Pa. 1; Mfg. Co. v. McCormick, 118 Pa. 519; Coal Co. v. Hayes, 128 Pa. 294; Campbell v. R. R., 139 Pa. 522; Kehler v. Schwenk, 144 Pa. 348; Wagner v. Chemical Co., 147 Pa. 475; Spear v. R. R., 119 Pa. 61.

In Anderson v. Oliver, 136 Pa. 156, this court decided that the filing of the notes of evidence does not bring it into the body of the record, because they were not filed in obedience to any law. The mere direction of the trial judge to have a paper filed does not make it a part of the record, unless the law declares that it shall become so upon such filing: Finch v. Conrade's Exr., 154 Pa. 326.

Under the decision lately rendered, there should be a bill signed in this case.

PER CURIAM, April 2, 1894:

Conceding as we must that, on this appeal from refusal of the court below to take off the judgment of nonsuit, the plaintiff is entitled to the benefit of every fact and inference of fact which might be fairly found by a jury or drawn by them from the testimony adduced to sustain his claim, we are unable to discover anything in the evidence to justify a finding that the injury complained of resulted from any negligence of the defendant company.

Without reviewing the testimony relied on, it is sufficient to say that it is not such as any trial judge would be warranted

in submitting to a jury on the controlling question of defendant's negligence as the cause of said injury; and hence there was no error in refusing to take off the nonsuit.

Judgment affirmed.